USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES STEWART,

                Plaintiff,

-against-

BOEING COMPANY,

                Defendant.

1:23-cv-2225-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

    Plaintiff Charles Stewart, of Corona, Queens County, New York, brings this *pro se* action asserting what the Court construes as patent-infringement claims against Defendant Boeing Company ("Boeing"). Plaintiff has paid the fees to bring this action. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States District Court for the District of Delaware.

## DISCUSSION

    Under the appropriate venue provision, a federal civil action for patent infringement may be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). For the purpose of this statute, a domestic corporation resides only in its State of incorporation. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258 (2017).

    Plaintiff does not allege any facts showing that Boeing committed acts of patent infringement within this judicial district, and that it also has a regular and established place of business within this judicial district; in fact, Plaintiff does not specify where Boeing allegedly infringed on his patent(s) and whether it has a regular and established place of business there as

well.[1] In any case, venue is not proper in this court under that portion of the applicable venue provision.

Plaintiff also alleges no facts showing where Boeing, which appears to be a corporation, is incorporated. Courts have recognized, however, that Boeing is incorporated in Delaware. *See SOCAR (Société Camerounaise d'Assurance et de Reassurance) v. The Boeing Co.*, 144 F. Supp. 3d 391, 394 (E.D.N.Y. 2015); *Deutsch Lufthansa AG v. The Boeing Co.*, No. 06-CV-2006, 2006 WL 3155273, at *1 (S.D.N.Y. Oct. 30, 2006); *Chhawchharia v. Boeing Co.*, 657 F. Supp. 1157, 1159 (S.D.N.Y. 1987). Thus, the United States District Court for the District of Delaware, not this court, is a proper venue for this action under the residency portion of the applicable venue provision.

Under 28 U.S.C. § 1406(a), if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because venue is proper in the District of Delaware, and because Plaintiff alleges no facts showing why any other federal district court is a proper venue for this action, in the interest of justice, the Court transfers this action to the District of Delaware. *See id.*

## CONCLUSION

The Court directs the Clerk of Court to transfer this action without delay to the United States District Court for the District of Delaware. 28 U.S.C. § 1406(a). A summons shall not issue from this Court. This order closes this action in this court.

---

[1] This judicial district – the Southern District of New York – is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b).

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: March 22, 2023
New York, New York

_____
GREGORY H. WOODS
United States District Judge