IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHARLES STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-317-SRF |
| ) | |
| THE BOEING COMPANY, ) | |
| ) | |
| Defendant. ) | |

Charles Stewart, Corona, NY.

    Pro Se.

Rodger D. Smith II, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; Michael S. Connor, Lauren N. Griffin, ALSTON & BIRD LLP, Charlotte, NC.

    Attorneys for Defendant.

**MEMORANDUM OPINION**

February 26, 2024
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

Plaintiff Charles Stewart ("Plaintiff") proceeds *pro se* and has paid the filing fee. (D.I. 1) He filed this lawsuit in the Southern District of New York on March 14, 2023, asserting a cause of action for patent infringement against defendant Boeing Company ("Defendant" or "Boeing"). (*Id.*) On March 22, 2023, the Southern District of New York *sua sponte* transferred the action to this court under the patent venue statute, 28 U.S.C. § 1406(a), based on its conclusion that Defendant did not reside in New York and did not commit acts of infringement or have a regular and established place of business in New York. (D.I. 3)

This court has jurisdiction pursuant to 28 U.S.C. § 1331. Presently before the court is Defendant's motion to dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which was filed after the case was transferred to this district. (D.I. 8)[1] Plaintiff also filed a letter on January 26, 2024 which the court construes as a motion to appoint counsel. (D.I. 18)[2] For the following reasons, Defendant's motion to dismiss is GRANTED, Plaintiff's motion for appointment of counsel is DENIED, and the case is DISMISSED with prejudice.

**I.    BACKGROUND**

**A. Facts**

The pending litigation concerns Plaintiff's claims that he invented the "Air Traffic Control Fuel Warning System" (the "System") which Boeing allegedly adopted and utilized under the name "Air Traffic Control Fuel Notification System" within its "Automatic Dependent

---

[1] The briefing and filings associated with the pending motion to dismiss are found at D.I. 9, D.I. 11, D.I. 12, and D.I. 13.
[2] The briefing on the "Motion for Decision In Favor of Plaintiff," which the court construes as a motion to appoint counsel, is found at D.I. 18, D.I. 19, and D.I. 20.

2

Broadcast System" for its 737 Max 8 aircraft. (D.I. 7 at 1) Plaintiff further alleges that Boeing patented the technology without crediting Plaintiff with inventorship. (*Id.*)

The background facts are largely taken from the operative pleading labelled by Plaintiff as "Second Amendment to Complaint" at D.I. 7. Subsequently, Plaintiff filed a document which he labels as an "Amendment," D.I. 20, without the formality of seeking leave from the court to further amend his pleadings. *See* Fed. R. Civ. P. 15(a). Regardless, the court has considered all of Plaintiff's filings under the liberal construction standard applicable to *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's System is described in a technical document dated November 21, 1990. (D.I. 7 at 1) The technical document is attached as an exhibit to the amended complaint and depicts the following:



(*Id.* at 7)

3

Plaintiff alleges that Defendant first obtained the design for the System during litigation before the Western District of Pennsylvania pertaining to USAir Flight 427. (*Id.* at 1) In 1996, Plaintiff's System was allegedly disclosed to Boeing by attorney Howard Specter, who represented victims of USAir Flight 427 in that litigation arising from the crash of a Boeing 737 aricraft. (*Id.*) Plaintiff claims that he was hired by Specter as an "independent expert" on the cause of the crash. (D.I. 20, Ex. 1)

In Plaintiff's latest "Amendment," he includes as an exhibit an email exchange he had with Boeing in 2008. (D.I. 20, Ex. 1) Plaintiff represented to Boeing that he submitted his "unpatented technology" concerning the System to the court in connection with the USAir Flight 427 proceedings involving the Boeing 737. He claims that he was told by a Boeing representative that his technology was being used by the company. Boeing denied Plaintiff's claims in its email response on May 15, 2008. (*Id.*)

In the operative complaint, Plaintiff claims that eleven years later, on December 17, 2019, he provided "Whistleblower Testimony" in congressional hearings concerning two airplane crashes involving Boeing 737 Max 8 airplanes which he states could have been prevented by Plaintiff's technology. (D.I. 7 at 2) Thereafter, it is alleged that Boeing infringed Plaintiff's System by patenting Plaintiff's technology without crediting his inventorship. The alleged infringement occurred when Defendant sought to patent Plaintiff's technology in proceedings before the U.S. Patent and Trademark Office in 2020 and engaged in licensing efforts for Defendant's Inflight Fuel Exhaustion Technology. (*Id.* at 1) According to Plaintiff, Defendant changed the name and certain components of Plaintiff's System and removed Plaintiff's name as an inventor in pursuing its Inflight Fuel Exhaustion Technology:



(*Id.* at 1, 6) The amended complaint does not identify any patent or patent application associated with either Plaintiff's System or Defendant's Inflight Fuel Exhaustion Technology.

A. **Procedural History**

Plaintiff previously filed a complaint for patent infringement against Defendant on July 20, 2021 in the Western District of Pennsylvania. *See Stewart v. The Boeing Company*, C.A. No. 2:21-938-WSH, D.I. 1 at 4 (W.D. Pa. July 20, 2021). The facts alleged in support of Plaintiff's cause of action are consistent with those alleged in this case: Defendant learned of Plaintiff's System during proceedings before the Western District of Pennsylvania pertaining to USAir Flight 427; Plaintiff disclosed that his System could have prevented the Boeing 737 Max 8 disasters in congressional testimony in December of 2019; and Defendant began its unauthorized use of Plaintiff's System in 2020. (*Id.*)

5

On September 6, 2022, the court dismissed Plaintiff's complaint without prejudice based on a lack of personal jurisdiction, improper venue, and failure to state a claim. *See Stewart v. The Boeing Company*, C.A. No. 2:21-938-WSH, D.I. 33 at 3-9 (W.D. Pa. Sept. 6, 2022). With respect to the relief sought by Defendant under Rule 12(b)(6), the court determined that Plaintiff failed to state a claim for which relief could be granted by not identifying any patent and not explaining how Defendant allegedly infringed the unidentified patent. *Id.* at 8. The court noted that Plaintiff conceded his technology was not patented, suggesting that leave to amend would be futile. *Id.* Nonetheless, the court dismissed the complaint without prejudice and allowed Plaintiff to amend the pleading. *Id.* at 9-10.

Plaintiff filed an amended complaint in the Western District of Pennsylvania on October 7, 2022. *See Stewart v. The Boeing Company*, C.A. No. 2:21-938-WSH, D.I. 39. The following week, the court dismissed the action with prejudice after concluding that the amended pleading "fails to state a short and plain statement of the grounds for the Court's jurisdiction and a short and plain statement of the claim showing an entitlement to relief[.]" *Id.*, D.I. 40 at 1-2 (W.D. Pa. Oct. 14, 2022).

The instant litigation was initially brought in the Southern District of New York on March 14, 2023, and was transferred to this court the following week pursuant to 28 U.S.C. § 1406(a) governing proper venue. (D.I. 1; D.I. 3) On October 18, 2023, the parties consented to the jurisdiction of the undersigned judicial officer to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 16)

## II. DISCUSSION

### A. Motion to Dismiss

Plaintiff's amended complaint is barred under the doctrine of claim preclusion, which precludes a party from initiating a second suit against the same defendant based on the same cause of action as the first suit. *See In re Continental Airlines, Inc.*, 279 F.3d 226, 232 (3d Cir. 2002). A party seeking to invoke *res judicata* or claim preclusion must establish three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008). Dismissal for failure to state a claim under Rule 12(b)(6) is a final judgment on the merits for *res judicata* purposes. *Lewis v. Smith*, 361 F. App'x 421, 423 (3d Cir. 2010) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981)).

All three elements are satisfied here. First, the amended complaint in the Western District of Pennsylvania was dismissed with prejudice on October 14, 2022 for failure to state a claim pursuant to Rule 12(b)(6), among other reasons. (D.I. 40; *see also* D.I. 33) The Western District of Pennsylvania initially dismissed Plaintiff's complaint under Rule 12(b)(6) as "glaringly deficient in that it fails to identify any patent and also fails to aver how Boeing purportedly infringed upon such unidentified patent." *Stewart v. The Boeing Company*, C.A. No. 2:21-938-WSH, D.I. 33 at 8 (W.D. Pa. Sept. 6, 2022). The court indicated that Plaintiff's own admission that his technology was unpatented "suggest[s] that any future amendment to cure this pleading deficiency would be futile." *Id.* The court subsequently dismissed Plaintiff's amended pleading with prejudice, explaining that "[e]ven affording Plaintiff's so-called 'Amended Complaint' the liberal construction applicable to *pro se* pleadings . . . the pleading fails to state a short and plain statement . . . of the claim showing an entitlement to relief as required by Federal

7

Rule of Civil Procedure 8(a)(1) and 8(a)(2)." *Id.*, D.I. 40 (W.D. Pa. Oct. 14, 2022). This is sufficient to constitute a judgment on the merits for purposes of claim preclusion. *See Lewis*, 361 F. App'x at 423.

Next, there is no dispute that Plaintiff and Defendant were parties in the civil action before the Western District of Pennsylvania.

Finally, this action is based on the same cause of action brought in the Western District of Pennsylvania, namely, infringement of Plaintiff's System by Defendant. (*Compare* D.I. 7 at 1-2 *with* W.D. Pa. C.A. No. 2:21-938-WSH, D.I. 1 at 4 and D.I. 39) Plaintiff's claim in the instant case also arises from the same events that gave rise to the prior litigation, including the disclosure of Plaintiff's System during the USAir Flight 427 proceedings in or around 1996 or 1999, and Plaintiff's testimony about his System during the December 2019 congressional proceedings regarding the Boeing 737 MAX 8. (*Id.*); *see Yates v. Yates*, C.A. No. 14-545-LPS, 2018 WL 1444576, at *3 (D. Del. Mar. 23, 2018) ("When there is 'an identity of facts, claims and parties' between two actions, res judicata applies." (quoting *Huck on Behalf of Sea Air Shuttle Corp. v. Dawson*, 106 F.3d 45, 51 (3d Cir. 1997)).

Plaintiff appears to challenge the third element, arguing that the amended complaint in this case is distinguishable from the prior litigation because Plaintiff attaches new evidence to the operative complaint confirming that he is the inventor of the technology being used by Defendant.[3] (D.I. 11 at 1) To the extent that this document is intended to show that Plaintiff

---

[3] Plaintiff's representation in the answering brief that he attached "new evidence" / "enclosed proof" appears to refer to the exhibits attached to his amended complaint in this action, as opposed to the answering brief itself. (D.I. 11 at 1) Plaintiff's original and amended pleadings in the Western District of Pennsylvania, and the original complaint filed in this action, did not include any attachments. Nonetheless, these exhibits do not fundamentally alter the nature of the asserted claim, they do not include a patent or patent application, and Plaintiff confirms that the System is unpatented in his briefing on the motion to dismiss. (*See id.*) ("This is new evidence

now asserts a cause of action for improper inventorship, it is not enough to save the amended complaint. "[T]he inventors as named in an issued patent are presumed to be correct." *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004) (internal quotations and citations omitted). Here, however, Plaintiff has not identified any Boeing patent in the operative pleading or any other filing before the court. As Defendant notes, a claim for improper inventorship would require an averment regarding a particular Boeing patent that was allegedly misattributed, and Plaintiff makes no such allegation. (D.I. 12 at 4) Plaintiff's claims cannot survive a motion to dismiss based on a supposition that discovery will reveal a Boeing patent utilizing Plaintiff's System. *See Twombly*, 550 U.S. at 559-60 (explaining that the pleading standards help to "avoid the potentially enormous expense of discovery in cases with no reasonably founded hope that the discovery process will reveal relevant evidence[.]") (internal quotations and citations omitted); *see also Bush v. Triton Sys. of Del. Inc.*, C.A. No. 20-599-LPS, 2021 WL 6551617, at *4 (D. Del. Dec. 7, 2021) (holding that a plaintiff "must allege a plausible claim before subjecting [the defendant] to the costs of discovery.").

Moreover, *res judicata* "bars not only claims that were brought in a previous action, but also claims that could have been brought." *Duhaney v. Attorney Gen.*, 621 F.3d 340, 347 (3d Cir. 2010). Plaintiff's new evidence of his inventorship of the System includes documents dating back to 1990. (*See, e.g.*, D.I. 7 at 7) There is no indication on the present record that Plaintiff could not have asserted an allegation for improper inventorship in the prior litigation. Consequently dismissal with prejudice is justified.

---

which reveals how, when, where and why the Boeing Company infringed my unpatented ATC Fuel Warning System."). Plaintiff's new evidence does not establish the existence of a patent held by either Plaintiff (for purposes of patent infringement) or Defendant (for purposes of improper inventorship).

9

Plaintiff also makes additional, unpled allegations regarding a cause of action for involuntary manslaughter against Defendant. (D.I. 11; D.I. 13) As a preliminary matter, Plaintiff may not amend the pleading through argument in the briefing. *See Harmon v. Lawson*, C.A. No. 21-1437-RGA, 2022 WL 2208906, at *4 (D. Del. June 21, 2022) (citing *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998)). Moreover, a claim for involuntary manslaughter is a criminal charge which cannot be asserted in a civil action for damages. *See McDaniels v. Warden Cambridge Springs SCI*, 700 F. App'x 119, 120 (3d Cir. 2017) (recognizing involuntary manslaughter as a criminal charge); *Jackson v. Meta Platforms, Inc.*, C.A. No. 22-364-MN, 2023 WL 2537003, at *3 (D. Del. Mar. 16, 2023) (citing *Chambers v. Doe*, 453 F. Supp. 2d 858, 866, 873 (D. Del. 2006) (explaining that a criminal charge "cannot be asserted in a civil action for damages.")). Plaintiff's allegations regarding involuntary manslaughter therefore do not save his pleading, and permitting an amendment to the pleading to add a criminal charge would be futile.

Because the conditions for claim preclusion are satisfied, Defendant's motion to dismiss is GRANTED and Plaintiff's amended complaint is dismissed with prejudice.

**B.    Motion for Appointment of Counsel**

Plaintiff's motion for appointment of counsel is DENIED. Plaintiff filed a similar motion for appointment of counsel in his previous litigation against Defendant in the Western District of Pennsylvania, which was denied in a well-reasoned Order. *See Stewart v. The Boeing Company*, C.A. No. 2:21-938-WSH, D.I. 7 (W.D. Pa. Oct. 22, 2021). The court denies Plaintiff's motion to appoint counsel in this case for the same reasons the relief was denied in the prior litigation. In particular, the court may not require an unwilling attorney to accept an appointment in a civil case, and *pro se* litigants in civil cases have no constitutional or statutory right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993); *Parkell v. Danberg*, 833 F.3d

313, 340 (3d Cir. 2016).

To the extent that Plaintiff attempts to reargue the merits of his opposition to Defendant's motion to dismiss, those arguments do not comport with District of Delaware Local Rule 7.1.2(b), which provides that, "[e]xcept for the citation of subsequent authorities, no additional papers" beyond the opening, answering, and reply briefs "shall be filed absent Court approval." Although the court has considered all of Plaintiff's arguments, they do not alter the court's analysis. Plaintiff's filings in support of the motion for appointment of counsel reiterate the same positions previously taken by Plaintiff which have now been rejected by two courts.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (D.I. 8) is GRANTED, Plaintiff's motion for appointment of counsel (D.I. 18) is DENIED, and the case is DISMISSED with prejudice. (D.I. 8) An Order consistent with this Memorandum Opinion shall issue.

11